IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELNORA OWENS DONALD SMILEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16CV41-WKW |
| | ) | |
| FOREMOST INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on January 21, 2016, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 3). Plaintiff Elnora Smiley, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action. Upon consideration of the motion, it is

ORDERED that the motion (Doc. # 2) is GRANTED.[1] However, upon review of the complaint, the court concludes that plaintiff's claims are due to be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Plaintiff's declaration is incomplete (see Doc. # 2-1, p. 1), but it appears that plaintiff filed the documents attached to her complaint (Doc. # 1-1) in support of her motion to proceed *in forma pauperis*. In granting the IFP motion, the court has considered the attachments to the complaint in conjunction with plaintiff's declaration.

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff asserts a claim against her insurer, Foremost Insurance Company, for wrongful cancellation of the policy insuring her home. Plaintiff alleges that she suffered the loss of her home to an electrical fire on February 15, 2015. Defendant's adjuster responded to plaintiff's claim within 48 hours but, after gathering information, advised the plaintiff that the policy was cancelled as of May 2013. Plaintiff alleges that, despite her payment of the premiums on the policy, the insurer failed to pay for her loss. Plaintiff seeks judgment against the defendant in the amount of $40,000. (Complaint, Doc. # 1).

Federal district courts are courts of limited jurisdiction. The court's power to hear a case depends on whether it is authorized to do so by the United States Constitution and by federal statute. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Congress has authorized the federal courts to resolve disputes arising "under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), and to resolve certain disputes in which there is diversity of citizenship between the parties, including those in which the opposing parties are citizens of different States (28 U.S.C. § 1332). Nothing in this court's record suggests that plaintiff's lawsuit involves a question of federal law; it appears, instead, that plaintiff filed her lawsuit in federal court because she and the defendant

are citizens of different states.[3]

Under the diversity of citizenship statute, this court may not exercise jurisdiction over a lawsuit in which the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff's complaint includes a demand for a sum certain – $40,000 – that is well below the minimum amount required to invoke this court's diversity jurisdiction. Therefore, even if the parties are citizens of different states, this court lacks jurisdiction to proceed in this matter.[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff. The plaintiff may file any objections to this Recommendation on or before February 8, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de*

---

[3] Plaintiff does not allege the citizenship of the parties expressly. However, in the style of her motion to proceed *in forma pauperis*, she includes her address in Dothan, Alabama (Doc. # 2), and she provides an address in Grand Rapids, Michigan, for the defendant in the certificate of service attached to her complaint (Doc. # 1, p. 3).

[4] Thus, to pursue her claim for damages in the amount of $40,000 against Foremost Insurance Company, plaintiff must file her complaint in a state court.

*novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

Done, this 25th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE